IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| JOHN BAUER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-05111-CV-SW-BP |
| | ) | |
| CELLULAR SALES OF | ) | |
| KNOXVILLE, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

This case comes before the Court on two motions. The first is Defendant Cellular Sales of Knoxville, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction. (Doc. 18.) The second is Defendant Dane Scism's Motion to Dismiss for Lack of Personal Jurisdiction. (Doc. 20.) These motions will be granted.

**I.     Background**

This wage and hour case concerns Plaintiff John Bauer's employment at Defendant Cellular Sales of Missouri, LLC ("CSMO-LLC"). CSMO-LLC is a Missouri retailer of Verizon Wireless cellular telephone equipment, accessories, and services. From January 2012 to May 2012, Bauer worked for CSMO-LLC as a sales professional at various stores in Missouri and Kansas. Bauer alleges CSMO-LLC utilized a "pure commission" compensation scheme, in which he was paid solely based on commission, rather than by the hour. Bauer also alleges this compensation structure included various "charge backs" that reduced his future earnings. Based on this structure, Bauer asserts claims under the Fair Labor Standards Act ("FLSA") and the Kansas Wage Payment Act ("KWPA"). Bauer asserts these claims on behalf of both himself and others. (Compl., Doc. 1.)

Bauer's Complaint names three defendants.  First, Bauer names CSMO-LLC.  CSMO-LLC is a Missouri limited liability company.  As discussed above, it is a Missouri retailer of Verizon Wireless products.  CSMO-LLC is a self-governing company.

Second, Bauer names Defendant Cellular Sales of Knoxville, Inc. ("CSOK-Inc."). CSOK-Inc. is the owner and sole member of CSMO-LLC.  CSOK-Inc. operates as a holding company for CSMO-LLC and other Verizon Wireless retailers.  CSOK-Inc. itself does not conduct retail sale operations.

CSOK-Inc. is incorporated in Tennessee, and it maintains its headquarters and principal place of business in Tennessee.  CSOK-Inc. does not conduct business operations or have a registered agent in Missouri.  It does not advertise, conduct public relations, or solicit customers in Missouri.  CSOKI-Inc. does not maintain a bank account or a telephone listing in Missouri, and it does not have permanent employees or agents in the State.

Third, Bauer names Defendant Dane Scism.  Scism is the Chief Executive Officer ("CEO") of CSOK-Inc.  Scism lives and works in Knoxville, Tennessee.  He has never lived or worked in Missouri, and he does not own, lease, or use any property in the State.  Bauer does not conduct business operations, execute contracts, or maintain a registered agent in Missouri.

Now pending are two motions to dismiss.  Both CSOK-Inc. and Scism move under Federal Rule of Civil Procedure 12(b)(2) to be dismissed for lack of personal jurisdiction.

## II.     Legal Principles

The law of personal jurisdiction is well-established.  *See, e.g.*, *Blume v. Int'l Servs., Inc.*, No. 4:12 CV 165 DDN, 2012 WL 1957419, at *8-9 (E.D. Mo. May 31, 2012) (discussing personal jurisdiction principles as applied to an FLSA case).  "Personal jurisdiction over a defendant represents the power of a court to enter a valid judgment imposing a personal

obligation or duty in favor of the plaintiff." *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 592-93 (8th Cir. 2011) (internal quotation omitted). As a general matter, due process protects a defendant from a judgment issued by a court in an unfamiliar State. *Pangaea, Inc. v. Flying Burrito LLC*, 647 F.3d 741, 745 (8th Cir. 2011). Due process requires that a defendant have sufficient "minimum contacts" with the State, so that a lawsuit against him does not offend "traditional notions of fair play and substantial justice." *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). A defendant's contacts with the State must be the result of his purposeful action, rather than a mere fortuity. *Id.* A court analyzes a defendant's contact by considering the following factors:

> (1) the nature and quality of the defendant's contacts with the forum state; (2) the quantity of the defendant's contacts with the forum state; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties.

*Id.* at 746 n.4.

A defendant can challenge personal jurisdiction by moving to dismiss under Federal Rule of Civil Procedure 12(b)(2). To survive a Rule 12(b)(2) motion, the opposing party "need only make a prima facie showing of jurisdiction." *Pangaea*, 647 F.3d at 745. A court may resolve the motion by either holding a hearing or reviewing the evidentiary record. *Id.* If the court rules based on the record, then it must view the facts and resolve all factual conflicts in favor of the opposing party. *Id.*

### III.  Discussion

Both CSOK-Inc. and Scism argue they are not subject to this Court's personal jurisdiction because they lack minimum contacts with the State of Missouri. As discussed above, neither defendant has traditional contacts with Missouri. For example, CSOK-Inc. is a holding company based in Tennessee, and it conducts no business operations or other activities in

Missouri.  Similarly, Scism is the CEO of CSOK-Inc.  Scism lives and works in Tennessee, and he has never lived or worked in Missouri.  Moreover, he does not conduct business or perform other activities in Missouri.  These facts are all undisputed.  As a result, the Court finds that neither CSOK-Inc. nor Scism has sufficient minimum contacts with the State of Missouri.  *E.g.*, *Pangaea*, 647 F.3d 741, 746-49 (no personal jurisdiction, where defendant made a single trip to the forum state); *Burlington Indus, Inc. v. Maples Indus. Inc.*, 97 F.3d 1100, 1103 (no personal jurisdiction, where defendant had no registered agent, place of business, inventory, bank account, real estate, personal property, employee, or agent in the forum state).

Rather than dispute these facts, Bauer instead focuses upon a more nebulous contact with Missouri.  Bauer argues CSOK-Inc. and Scism devised and implemented the "pure commission" compensation scheme at the heart of his claims.  Specifically, Bauer argues CSOK-Inc. and Scism controlled CSMO-LLC's adoption and implementation of this scheme.  As a result, Bauer argues they have purposefully availed themselves of Missouri's law and are subject to personal jurisdiction in the State.

The Court disagrees.  First, CSOK-Inc. and Scism do not have traditional contacts with Missouri, as discussed above.  Therefore, the defendants would have had to devise and control this scheme from outside the State's borders.  Generally, taking some action that merely causes consequences within a State is not sufficient for personal jurisdiction.  *E.g.*, *Viasystems*, 646 F.3d at 593-95; *Peabody Holding Co. v. Costain Grp. PLC*, 808 F. Supp. 1425, 1437-39 (E.D. Mo. 1992).  More specifically, a particular action does not give rise to personal jurisdiction unless it is "uniquely or expressly aimed at the forum state[.]"  *Viasystems*, 646 F.3d at 594.  Here, there is nothing to suggest CSOK-Inc.'s and Scism's alleged control over the scheme was aimed at Missouri.  Indeed, the whole thrust of Bauer's argument is that this scheme is a standardized

policy the defendants implemented at retailers throughout the country.  Therefore, control over the scheme alone is not sufficient for personal jurisdiction.  *Cf. id.* at 594-95 (no personal jurisdiction based on defendant's refusal to pay costs to plaintiff located in the forum state).

Second, Bauer argues CSOK-Inc. and Scism are subject to personal jurisdiction based on CSMO-LLC's contacts with Missouri.  A parent corporation can be subject to personal jurisdiction based on its subsidiary's activities, if the parent controls and dominates the subsidiary's activities.  *Id.* at 596.  In this situation, the parent acts as the subsidiary's alter ego and assumes its contacts with a given forum state.  *Id.*  An analogous rule applies when an individual corporate officer controls and dominates an entity's affairs.  *E.g.*, *Fleishman-Hillard, Inc. v. McCombs*, No. 4:10-CV-676 CAS, 2011 WL 53077, at *2 (E.D. Mo. Jan. 7, 2011).  Here, Bauer narrowly argues that CSOK-Inc. and Scism controlled CSMO-LLC's compensation scheme.  He does not make the broader argument that CSOK-Inc. and Scism controlled and dominated the entirety of CSMO-LLC's affairs.  Indeed, the only evidence in the record shows that CSMO-LLC operates as an independent and self-governing company.  As a result, Bauer cannot show personal jurisdiction under this "alter ego" rule.

Bauer argues the FLSA displaces this "alter ego" rule.  Specifically, Bauer argues that the FLSA's broad definition of "employer" alters the Court's personal jurisdiction analysis.  This argument confuses the constitutional issue of personal jurisdiction with the statutory issue of FLSA liability, and several courts have rejected it.  *In re Enterprise Rent-A-Car Wage & Hour Emp't Practices Litig.*, 735 F. Supp. 2d 277, 325-329 (W.D. Pa. 2010); *Lewis v. Ark-La-Tex Fin. Servs., LLC*, No. 4:08-CV-00234, 2008 WL 2471893, at *2-3 (E.D. Mo. June 10, 2008); *Langlois v. Déjà vu, Inc.*, 984 F. Supp. 1327, 1334 (W.D. Wash. 1997).  Simply put, "jurisdiction and liability are two separate inquiries."  *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer*

*Express World Corp.*, 230 F.3d 934, 944-45 (7th Cir. 2000). The Court joins these authorities in rejecting this argument. For similar reasons, the Court finds that personal jurisdiction and the merits of this case are not intertwined. *Cf. Brown v. Slenker*, 220 F.3d 411, 418-19 (5th Cir. 2000) (in attorney malpractice case, finding jurisdictional and merits issues were intertwined). Therefore, the Court declines to defer ruling on the personal jurisdiction issue presented.

Finally, Bauer requests leave to conduct jurisdictional discovery to substantiate its arguments. A court has discretion over whether to permit jurisdictional discovery. *Viasystems*, 646 F.3d at 598. However, a court need not permit discovery if it would be futile. *Id.* As discussed above, control over CSMO-LLC's implementation of the compensation scheme cannot subject CSOK-Inc. and Scism to personal jurisdiction in Missouri. Therefore, Bauer's request will be denied.

### **IV.** **Conclusion**

CSOK-Inc. and Scism do not have sufficient minimum contacts with Missouri. Therefore, the Court does not have personal jurisdiction over them. Accordingly, both CSOK-Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction, (Doc. 18), and Scism's Motion to Dismiss for Lack of Personal Jurisdiction, (Doc. 20), are **GRANTED**.

**IT IS SO ORDERED.**

                                             /s/ Beth Phillips
                                             BETH PHILLIPS, JUDGE
                                             UNITED STATES DISTRICT COURT

DATE: June 14, 2013